UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GENERAL RETIREMENT SYSTEM OF THE CITY OF DETROIT, Individually and on Behalf of all Others Similarly Situated,<br><br>       Plaintiff,<br>  v.<br><br>AT&T INC., JOHN STANKEY, RANDALL L. STEPHENSON, PASCAL DESROCHES, and JOHN STEPHENS,<br><br>       Defendants. | Case No. 1:23-cv-07351-JLR<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE NEW YORK CITY PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL |

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS .............................................................................................................. 3

ARGUMENT ................................................................................................................................... 4

    I.    THE NYC FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF .................. 4

        A.    The NYC Funds Are Willing to Serve as Class Representatives ............... 5

        B.    The NYC Funds Have the "Largest Financial Interest" in the Action ....... 6

        C.    The NYC Funds Otherwise Satisfy the Requirements of Rule 23 ............. 7

        D.    The NYC Funds Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses ............................. 11

    II.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED ................................................................................................ 12

CONCLUSION .............................................................................................................................. 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aude v. Kobe Steel, Ltd.*,
  No. 17-CV-10085 (VSB), 2018 WL 1634872 (S.D.N.Y. Apr. 4, 2018) ................................... 7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
  141 F.R.D. 229 (2d Cir. 1992) ............................................................................................. 8

*Brzinsky v. AT&T Inc. et al*,
  No. 2:23-cv-04064 (D.N.J.) ................................................................................................. 5

*Chahal v. Credit Suisse Grp. AG*,
  No. 18-CV-2268 (AT) (SN), 2018 WL 3093965 (S.D.N.Y. June 21, 2018) .......................... 6

*DiNapoli v. Stephen A. Wynn*,
  No. A-18-770013-B (Nev. Dist. Ct.) ................................................................................... 11

*Dookeran v. Xunlei Ltd.*,
  No. 18-cv-467 (RJS), 2018 WL 1779348 (S.D.N.Y. Apr. 12, 2018) .................................... 9

*Foley v. Transocean Ltd.*,
  272 F.R.D. 126 (S.D.N.Y. 2011) ......................................................................................... 9

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001) ................................................................................................ 6

*In re Comverse Tech., Inc. Sec. Litig.*,
  No. 06-CV-1825 (NGG) (RER), 2007 WL 680779 (E.D.N.Y. Mar. 2, 2007) .................. 6, 12

*In re Countrywide Financial Corp. Securities Litigation*,
  No. 07-cv-5295 (C.D. Cal.) ............................................................................................... 11

*In re Drexel Burnham Lambert Grp., Inc.*,
  960 F.2d 285 (2d Cir. 1992) ................................................................................................ 8

*In re Juniper Networks, Inc. Securities Litigation*,
  No. 3:06-cv-4327-MJJ (N.D. Cal.) ................................................................................... 11

*In re Molson Coors Brewing Co. Sec. Litig.*,
  233 F.R.D. 147 (D. Del. 2005) .......................................................................................... 12

*In re Olsten Corp. Sec. Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) .................................................................................... 6

*In re Orion Sec. Litig.*,
    No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 7, 2008) ......................................8

*In re Oxford Health Plans, Inc. Sec. Litig.*,
    182 F.R.D. 42 (S.D.N.Y. 1998) ...........................................................................................7

*In re Petrobras Secs. Litig.*,
    104 F. Supp. 3d 618 (S.D.N.Y. 2015) ................................................................................10

*In re Petrobras Securities Litigation*,
    No. 14-cv-09662 (S.D.N.Y.) ..............................................................................................12

*In re Pfizer Inc. Sec. Litig.*,
    233 F.R.D. 334 (S.D.N.Y. 2005) .....................................................................................2, 9

*In re Wachovia Equity Securities Litigation*,
    No. 08-cv-6161 (S.D.N.Y.) ................................................................................................11

*Janbay v. Canadian Solar, Inc.*,
    272 F.R.D. 113 (S.D.N.Y. 2010) .........................................................................................8

*Kaplan v. Gelfond*,
    240 F.R.D. 88 (S.D.N.Y. 2007) ...........................................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) .......................................................................................12

*Klein v. Altria Group, Inc. et al*,
    No. 3:20-cv-00075 (E.D. Va.) ............................................................................................13

*Lax v. First Merchants Acceptance Corp.*,
    No. 97 C 2715, 1997 WL 461036 (N.D. Ill. Aug. 6, 1997) .................................................6

*Nurlybaev v. ZTO Express (Cayman) Inc.*,
    No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769 (S.D.N.Y. Nov. 13, 2017) ...................6

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. V. LaBranche & Co.*,
    229 F.R.D. 395 (S.D.N.Y. 2004) .........................................................................................6

*Police & Fire Ret. Sys. Of City of Detroit v. SafeNet, Inc.*,
    No. 06 Civ. 5797 (PAC), 2007 WL 7952453 (S.D.N.Y. Feb. 21, 2007) ..........................3, 9

*Randall v. Fifth St. Fin. Corp.*,
    No. 15-CV-7759(LANK), 2016 WL 462479 (S.D.N.Y. Feb. 1, 2016) ............................2, 9

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008) ...............................................................................12

**Statutes**

15 U.S.C. § 78u-4 ................................................................................................................. *passim*

Private Securities Litigation Reform Act of 1995 ................................................................ *passim*

Securities Exchange Act of 1934 ....................................................................................................1, 8

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................. *passim*

The New York City Public Pension Funds (the "NYC Funds")[1] respectfully submit this memorandum of law in support of their motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for an Order: (1) appointing the NYC Funds as Lead Plaintiff on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired publicly traded AT&T Inc. ("AT&T" or the "Company") securities between November 2, 2018 and July 26, 2023, inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

**PRELIMINARY STATEMENT**

The complaint ("Complaint") in the above-captioned action (the "Action") alleges that Defendants made materially false and/or misleading statements during the Class Period regarding the environmental impact and health risks posed by lead-lined cables owned by AT&T in violation of Section 10(b) of the Exchange Act. *See generally* Dkt. No. 1. AT&T investors, including the NYC Funds, incurred significant losses as the truth about the Company's business and operations came to light, causing the value of AT&T stock to fall precipitously.

The PSLRA instructs the Court to appoint the "most adequate plaintiff" of the class as Lead Plaintiff and further instructs the Court to adopt a presumption that the "most adequate plaintiff" of the Class is the movant or group of movants that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23

---

[1] For purposes of this motion, the "NYC Funds" are the Teachers' Retirement System of the City of New York, the New York City Employees' Retirement System, the New York City Police Pension Fund, the New York City Fire Department Pension Fund, and the Board of Education Retirement System of the City of New York.

("Rule 23"). 15 U.S.C. §§ 78u-4(a)(3)(B)(i)-(iii)(I). During the Class Period, the NYC Funds purchased 11,642,779 shares of AT&T common stock and bonds with a PAR value of 820,000,550, expended $1,063,907,760 on their purchases, retained 8,727,443 shares of AT&T common stock and bonds with a PAR value of 243,402,000 at the end of the Class Period, and, as a result of the disclosure of the Defendants' malfeasance, incurred losses of approximately $96,397,516 in connection with their purchases of AT&T securities. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A. Accordingly, the NYC Funds believe that they have the largest financial interest in the relief sought in the Action.

Beyond their considerable financial interest, the NYC Funds also meet the applicable requirements of Rule 23 because their claims are typical of absent Class members and because they will fairly and adequately represent the interests of the Class. As sophisticated institutional investors with significant financial interests in the litigation, and with significant experience gained from serving as lead plaintiff in numerous securities class actions, the NYC Funds are paradigmatic lead plaintiffs under the PSLRA, and their appointment would thus advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at *34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733. For this reason, courts in this Judicial District strongly prefer appointment of institutional investors to lead complex securities class actions. *See*, *e.g.*, *In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 338 (S.D.N.Y. 2005) (appointing institutional investor as lead plaintiff, finding it to be "precisely the type of plaintiff envisioned under the PSLRA"); *Randall v. Fifth St. Fin. Corp.*, No. 15-CV-7759(LANK), 2016 WL 462479, at *3 (S.D.N.Y. Feb. 1, 2016) (appointing institutional investor as lead plaintiff, expressly "bas[ing] its decision . . . on the congressional preference for institutional lead plaintiffs

2

in private securities class actions."); *Police & Fire Ret. Sys. Of City of Detroit v. SafeNet, Inc.*, No. 06 Civ. 5797 (PAC), 2007 WL 7952453, at *1, *4 (S.D.N.Y. Feb. 21, 2007) (appointing institutional investor as lead plaintiff, noting Congress's intent to "encourag[e] institutional investors to serve as lead plaintiffs.").

To fulfill their obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, the NYC Funds have selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally recognized securities class action firm that has recovered billions of dollars on behalf of investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in this Action.

Accordingly, the NYC Funds respectfully request that the Court enter an order appointing the NYC Funds as Lead Plaintiff for the Class and approving their selection of Pomerantz as Lead Counsel for the Class.

## STATEMENT OF FACTS

As alleged in the Complaint in the Action, AT&T is a telecommunications company. During the Class Period, Defendants failed to disclose that: (1) AT&T was responsible for cables around the country that are highly toxic due to their being wrapped in lead, a known neurotoxin, which has harmed and posed the risk of further harming the environment, exposed Company employees, and the general public; (2) AT&T faces potentially significant litigation risk, regulatory risk, and reputational harm as a result of its responsibility for these lead-covered cables and the health risks stemming from their presence around the United States; (3) AT&T was warned about the damage and risks presented by these cables but did not disclose them as a potential threat to employee safety or to everyday people and communities; and (4) as a result, Defendants' statements about AT&T's business, operations, and prospects, were materially false and

3

misleading and/or lacked a reasonable basis in fact at all relevant times. When the truth was revealed via a series of corrective disclosures between July 9, 2023 and July 26, 2023, AT&T investors suffered substantial damages under the federal securities laws.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the NYC Funds and other Class members have suffered significant losses and damages.

## ARGUMENT

**I.  THE NYC FUNDS SHOULD BE APPOINTED LEAD PLAINTIFF**

The NYC Funds believe that they are entitled to a presumption that they are the "most adequate plaintiff" of the Class within the meaning of the PSLRA and should be appointed Lead Plaintiff because, to their knowledge, they have the largest financial interest in the relief sought by the Class in the Action and otherwise satisfy the requirements of Rule 23. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons that:

    (aa) has either filed the complaint or made a motion in response to a notice . . .;

    (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, the NYC Funds satisfy all three of these criteria and thus are entitled to the presumption that they are the most adequate plaintiffs of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.  The NYC Funds Are Willing to Serve as Class Representatives

On July 28, 2023, counsel for the plaintiff in the action *Brzinsky v. AT&T Inc. et al*, No. 2:23-cv-04064 (D.N.J.), a putative class action on behalf of AT&T investors alleging claims substantively identical to those in this Action, caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA (the "PSLRA Notice"), which announced that a securities class action had been filed against Defendants, and which advised investors in AT&T securities that they had until September 26, 2023—*i.e.*, 60 days from the date of the PSLRA Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Lieberman Decl., Ex. B.

The NYC Funds have filed the instant motion pursuant to the PSLRA Notice and have attached sworn Certifications executed on their behalf by Daniel R. Whitman, Senior Counsel of the New York City Law Department, attesting that the NYC Funds are willing to serve as representatives for the Class, and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C.

The NYC Funds are, in every respect, exactly the sort of well-managed, sophisticated institutional investors that Congress intended to fulfill the lead plaintiff role created by the PSLRA. With approximately $257 billion in assets under management as of July 2023, the NYC Funds are among the largest public pension plans in the U.S. Each pension fund is financially independent and accumulates the funds necessary to provide benefits to its members through contributions from members, participating employers, and investment earnings.

5

Accordingly, the NYC Funds satisfy the first requirement to serve as Lead Plaintiff of the Class.

### B. The NYC Funds Have the "Largest Financial Interest" in the Action

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of their knowledge, the NYC Funds have the largest financial interest of any AT&T investor or investor group seeking to serve as Lead Plaintiff. For claims arising under federal securities laws, courts frequently assess financial interest based upon the factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, including, in relevant part: (1) the number of shares purchased; (2) the total net funds expended; (3) the net shares purchased (*i.e.*, shares retained); and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997). In accord with other courts nationwide,[2] these *Lax* factors have been adopted and routinely applied by courts in this judicial district. *See, e.g.*, *Chahal v. Credit Suisse Grp. AG*, No. 18-CV-2268 (AT) (SN), 2018 WL 3093965, at *4 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, No. 17-CV-06130 (LTS) (SN), 2017 WL 5256769, at *1 (S.D.N.Y. Nov. 13, 2017); *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. V. LaBranche & Co.*, 229 F.R.D. 395, 404-05 (S.D.N.Y. 2004).

During the Class Period, the NYC Funds: (1) purchased 11,642,779 shares of AT&T common stock and bonds with a PAR value of 820,000,550; (2) expended $1,063,907,760 on their purchases; (3) retained 8,727,443 shares of AT&T common stock and bonds with a PAR value of

---

[2] *See, e.g.*, *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord. In re Comverse Tech., Inc. Sec. Litig.*, No. 06-CV-1825 (NGG) (RER), 2007 WL 680779, at *6-*8 (E.D.N.Y. Mar. 2, 2007).

243,402,000 at the end of the Class Period; and (4) incurred losses of approximately $96,397,516 in connection with their purchases of AT&T securities.  *See* Lieberman Decl., Ex. A.  To the extent that the NYC Funds possess the largest financial interest in the outcome of this litigation, they are the presumptive "most adequate" plaintiffs.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. The NYC Funds Otherwise Satisfy the Requirements of Rule 23

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification.  Instead, "[t]he parties moving for lead plaintiff are only required to make a prima facie showing that they meet [the requirements of] Rule 23."  *Aude v. Kobe Steel, Ltd.*, No. 17-CV-10085 (VSB), 2018 WL 1634872, at *3 (S.D.N.Y. Apr. 4, 2018); *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007) ("[A]t this stage of the litigation, only a preliminary showing of typicality and adequacy is required.").  Moreover, "[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."  *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998); *see also Aude*, 2018 WL 1634872, at *3 ("[C]ourts need only consider the typicality and adequacy requirements.").

7

The typicality requirement of Rule 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *5 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

The NYC Funds' claims are typical of those of the Class. The NYC Funds allege, as do all Class members, that Defendants violated the Exchange Act by making false and/or misleading statements during the Class Period. The NYC Funds, as did all Class members, purchased AT&T securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and were damaged upon the disclosure of those misrepresentations and/or omissions that drove AT&T's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy."

8

*Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 WL 1779348, at *2 (S.D.N.Y. Apr. 12, 2018) (same).

The NYC Funds are more than adequate representatives for the Class. There is no evidence of antagonism or conflict between the NYC Funds' interests and the interests of the Class. Moreover, the NYC Funds have submitted signed Certifications attesting to their commitment to protecting the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by the NYC Funds demonstrate that they have a sufficient interest in the outcome of this litigation to ensure vigorous advocacy.

Moreover, the NYC funds are sophisticated institutional investors with significant assets under management. As such, their appointment would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions"). Indeed, courts in this Judicial District strongly prefer appointment of institutional investors to lead complex securities class actions. *See*, *e.g.*, *Pfizer*, 233 F.R.D. at 338 (appointing institutional investor as lead plaintiff, finding it to be "precisely the type of plaintiff envisioned under the PSLRA"); *Fifth St.*, 2016 WL 462479, at *3 (appointing institutional investor as lead plaintiff, expressly "bas[ing] its decision . . . on the congressional preference for institutional lead plaintiffs in private securities class actions."); *SafeNet*, 2007 WL 7952453, at *1, *4 (appointing institutional investor as lead plaintiff, noting Congress's intent to "encourag[e] institutional investors to serve as lead plaintiffs.").

The NYC Funds are especially well-positioned to oversee the prosecution of this class action. The NYC Funds will provide experienced and sophisticated oversight through dedicated

lawyers in the New York City Law Department. Those lawyers will review and approve all significant pleadings before they are filed with the Court, will attend or be fully advised prior to any court appearances, settlement discussions or other important litigation events, and will regularly have meetings and conference calls with Pomerantz to discuss developments and strategy in the prosecution of this case.

The NYC Funds have processes and procedures in place expressly designed to oversee litigation to further the interests of the Class. Counsel for the NYC Funds retain a panel selected through an open request for proposal procedure consisting of many of the most experienced plaintiff securities firms from which it solicits advice about participation and strategy for leading securities cases. It then solicits proposals from the firms in the panel to select the firm that offers the best litigation strategy and fee proposal. This second competitive mechanism promotes the best litigation path and ensures that the case is litigated in a cost-efficient manner that maximizes value for the Class.

This two-step process—which was undertaken in this case—results in the NYC Funds' retention of counsel highly experienced in prosecuting securities class actions vigorously and efficiently (and, as set forth *infra* at Section II, now timely submits its choice to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v)). Pomerantz has agreed to limit the fees it would request should the litigation succeed, which will inure to the benefit of the Class. *See In re Petrobras Secs. Litig.*, 104 F. Supp. 3d 618, 624 (S.D.N.Y. 2015) (appointing institutional investor as lead plaintiff, finding that it "vetted its chosen counsel extensively and negotiated for a more favorable fee agreement" and was thus "far more likely to deliver the vigorous, investor-driven representation to which the class is entitled").

Indeed, the NYC Funds already have extensive experience serving as lead plaintiffs in prior securities class actions. The NYC Funds successfully prosecuted the class actions *In re Juniper Networks, Inc. Securities Litigation*, No. 3:06-cv-4327-MJJ (N.D. Cal.) ($169.5 million settlement), *In re Countrywide Financial Corp. Securities Litigation*, No. 07-cv-5295 (C.D. Cal.) ("*Countrywide*") ($625 million settlement), and *In re Wachovia Equity Securities Litigation*, No. 08-cv-6161 (S.D.N.Y.) ($75 million settlement), among others. In the *Countrywide* litigation, the court expressed its "confidence in their ability to protect the interests of the class" and praised the NYC Funds as "obviously sophisticated." *Countrywide* Dkt. No. 1060 at 65-66. The NYC Funds also secured a $41 million settlement and the implementation of extensive corporate governance reforms on behalf of shareholders of Wynn Resorts, Limited in the derivative litigation *DiNapoli v. Stephen A. Wynn*, No. A-18-770013-B (Nev. Dist. Ct.). The NYC Funds' successful track record in similar cases will obviously bring significant benefits to the Class in this Action.

All of these factors demonstrate that the NYC Funds' typicality and adequacy within the meaning of Rule 23(a) cannot reasonably be questioned.

### D. The NYC Funds Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the NYC Funds as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The NYC Funds' ability and desire to fairly and adequately represent the Class have been discussed above. The NYC Funds are not aware of any unique defenses Defendants could raise

11

that would render them inadequate to represent the Class. Accordingly, the NYC Funds should be appointed Lead Plaintiff for the Class.

## II. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain Lead Counsel, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008))); *see also In re Molson Coors Brewing Co. Sec. Litig.*, 233 F.R.D. 147, 151 (D. Del. 2005).

Here, the NYC Funds have selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. D. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, England, and Tel Aviv, Israel. *See id.* For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As lead counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth largest class action settlement ever achieved in the United States. *See id.* Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc.*

12

*Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.) in June 2010, and the $90 million settlement in *Klein v. Altria Group, Inc. et al*, No. 3:20-cv-00075 (E.D. Va.) in March 2022. *See id*.

As a result of its extensive experience in litigation involving issues similar to those raised in the instant Action, the NYC Funds' counsel, Pomerantz, has the skill, knowledge, expertise, and experience that will enable the firm to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving the NYC Funds' selection of Pomerantz as Lead Counsel, the members of the Class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, the NYC Funds respectfully request that the Court issue an Order: (1) appointing the NYC Funds as Lead Plaintiff for the Class; and (2) approving the NYC Funds' selection of Pomerantz as Lead Counsel for the Class.

Dated: September 26, 2023　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　POMERANTZ LLP

　　　　　　　　　　　　　　　　　　　　*/s/ Jeremy A. Lieberman*
　　　　　　　　　　　　　　　　　　　　Jeremy A. Lieberman
　　　　　　　　　　　　　　　　　　　　J. Alexander Hood II
　　　　　　　　　　　　　　　　　　　　Thomas H. Przybylowski
　　　　　　　　　　　　　　　　　　　　600 Third Avenue, 20th Floor
　　　　　　　　　　　　　　　　　　　　New York, New York 10016
　　　　　　　　　　　　　　　　　　　　Telephone: (212) 661-1100
　　　　　　　　　　　　　　　　　　　　Facsimile: (917) 463-1044
　　　　　　　　　　　　　　　　　　　　jalieberman@pomlaw.com
　　　　　　　　　　　　　　　　　　　　ahood@pomlaw.com
　　　　　　　　　　　　　　　　　　　　tprzybylowski@pomlaw.com

　　　　　　　　　　　　　　　　　　　　*Counsel for the New York City Public Pension Funds and Proposed Lead Counsel for the Class*